**AMERICAN BANK AND TRUST COM-
PANY, a Michigan banking corpo-
ration, Plaintiff,**

v.

**James J. SAXON, as Comptroller of the
Currency of the United States of Amer-
ica, and Dart National Bank, of Mason,
Michigan, a national banking corpora-
tion, Defendants.**

Civ. A. No. 4833.

United States District Court
W. D. Michigan, S. D.

Feb. 3, 1966.

Foster, Campbell, Lindemer & McGurrin, Lansing, Mich., Richard B. Foster and Richard B. Foster, Jr., Lansing, Mich., of counsel, for plaintiff.

Harold D. Beaton, U. S. Dist. Atty., Grand Rapids, Mich., Richard Beatty, Dept. of Justice, Washington, D. C., for defendant.

Marshall, O'Brien & Skehan, Lansing, Mich., John P. O'Brien, Lansing, Mich., of counsel, for defendant bank.

FOX, District Judge.

This action was commenced by the plaintiff, American Bank and Trust Company, a Michigan banking corporation, for the purpose of enjoining the Comptroller of the Currency of the United States from authorizing the establishment of a branch bank, approval of the defendant Comptroller having issued on April 14, 1964, for the establishment of the Dart National Bank, Mason Branch, in what the plaintiff claims is the unincorporated village of Holt, Michigan.

Plaintiff invokes the provisions of C.L. 1948, Section 487.34 (Michigan Statutes Annotated, Section 23.762), permitting a bank to establish and operate a branch "within a village or city other than that within which it was originally chartered: * * * Provided, further, That no such branch shall be established in a city or village in which a state or national bank or branch thereof is then in operation * * *," and Title 12 U.S. C.A. Section 36(c), which provides:

"(c) A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches:

"* * * and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks."

Plaintiff claims the defendant Comptroller illegally authorized the questioned branch in the "unincorporated village" of Holt, Delhi Township, Ingham County, Michigan, long after plaintiff had established and operated its branch within this unincorporated village.

Plaintiff further invokes Section 10(e) (B) of the Federal Administrative Procedure Act, Title 5 U.S.C.A. § 1009(e) (B).

In Paragraph 10 of its first amended complaint, plaintiff avers: "10. The word 'village' employed by the Michigan legislature in Section 34, supra, as judicially defined by the highest court of the state, includes unincorporated villages of the kind, nature and character of the village of Holt, and the site on which defendant Dart National Bank of Mason proposes to erect a branch bank building, is within the village of Holt."

The Comptroller in his answer denied the allegations of Paragraph 10, and defendant Dart National Bank states that such allegations are conclusions of law, and denies that the Comptroller has violated the law.

After the issues were drawn, the court conducted a hearing which commenced on December 22, 1965, and concluded on December 28, 1965.

On December 30, 1965, the court traveled to Delhi Township, and joined by plaintiff's attorneys, Richard B. Foster and Richard B. Foster, Jr., John P. O'Brien, attorney for Dart National Bank, and Harold D. Beaton, attorney for the Comptroller of the Currency, inspected the entire area of Delhi Township in issue in this case.

On March 20, 1964, the Dart National Bank of Mason, applied to the Comptroller of the Currency for a branch bank to be located in Delhi Township, Ingham County, Michigan, 450 feet north of the northeast corner of West Delhi and Aurelius Road, in the community of Holt.

The National Bank Examiner, Mr. Arthur K. Veldey, in his original report

to the Comptroller, concluded that the original core of the community was bound by Keller Road on the north, the Michigan Central Railroad tracks on the east, Dallas Avenue and Sycamore Street on the south, and Aurelius Road on the west.

During an exchange of communications between the Comptroller and Dart National Bank, the latter at a special meeting of its Board of Directors on May 22, 1964, authorized an amendment to its application for the location of a branch on the west side of Aurelius Road, situated immediately adjacent to the south property line of the Holt Professional Building. The application, as amended, reads as follows:

"On the north of the intersection of Delhi Avenue and Aurelius Road, on the west side of Aurelius Road, immediately south of the Holt Professional Building, Delhi Township, Ingham County, Michigan."

The application as amended requested the establishment of a branch bank at this location. The Comptroller found a village to exist in the area bordered on the north by Willoughby Road, which is the boundary between Delhi Township and the City of Lansing; on the east by Aurelius Road; on the south by Harper Road; and on the west by Eifert Road.

This area, containing three square miles, is a "village" within the meaning of Section 23.762 Michigan Statutes Annotated (Section 34 of the Financial Institutions Act), and Title 12 U.S.C.A. § 36(c) of the National Banking Act.

Included in this area are approximately eight hundred houses, thirty-two hundred residents, and thirty-five sundry business establishments, such as grocery stores, gas stations, beauty parlors, professional building, churches and an elementary school.

There are nearly four times as many business establishments east of Aurelius Road as in the village found by the Comptroller. However, the total value of the thirty-five-odd business establishments west of Aurelius Road equals the dollar value of all the business establishments east of Aurelius Road.

The authorized branch of the Dart National Bank is approximately six miles north of its main office in Mason County, Michigan, and six-tenths of a mile away from American Bank and Trust Company's Holt branch, at 4308 West Delhi Avenue, on the northwest corner of Delhi Avenue and Cedar Street, in Delhi Township, which latter branch is in the unincorporated village of Holt.

Thus, the Comptroller in fact found Aurelius Road the dividing line between the "village" considered by him, and the settled area to the east, sometimes referred to as the "unincorporated village of Holt." There are cement walks on the west side of Aurelius Road, but none on the east side. This road is a four-lane arterial highway, a main thoroughfare running north and south through Delhi Township, with a speed limit of thirty-five miles an hour through the main portion of the village found by the Comptroller, and with a legal speed of fifty miles per hour to the north and to the south of this same area. Aurelius Road has a traffic count of nearly two thousand vehicles per twenty-four hour period. A red blinker, with four-way stop signs, controls the intersection of Aurelius Road, West Holt Road and Delhi Avenue.

Aurelius Road now runs directly north to the city limits of Lansing. The City of Lansing and the Michigan State Highway Department have announced immediate plans to extend this highway as a continuing main four-lane artery of traffic all the way through the City of Lansing to its northern corporate limit.

The main thoroughfare crossing Delhi Township is known as West Holt Road from Aurelius Road to the west. This same thoroughfare is known as East Holt Road east of Summit Avenue, but from Summit Avenue west to Aurelius Road, it is known as Delhi Avenue, and at Summit Avenue, Delhi Avenue turns from an east-west direction to a northeasterly direction.

Some distance south of the intersection of Aurelius Road and Delhi Avenue is a highway sign, with an arrow pointing to the east, which reads: "Holt, 1 mile."

The area designated as a "village" by the Comptroller has been termed the "Midway area" by certain witnesses before the court. The elementary school of the Holt-Dimondale School District is known as Midway Elementary School. The Midway Trailer Court, the Midway Beauty Shop, and Hartley's new supermarket, called "Hartley's Midway Supermarket, Inc.," are all located in the area designated a village by the Comptroller.

The vast majority of the firms in Delhi Township having the name "Holt" in their title, are located in the area east of Aurelius Road.

There are approximately 14,000 people in Delhi Township, the heaviest concentration of people in the area lying between Willoughby Road on the north, Eifert Road on the west, the railroad on the east, and Harper Road on the south. This is an area of approximately six square miles.

Highway 127, also known as North and South Cedar, runs generally northwesterly toward Lansing, and southeasterly toward Jackson. It is a four-lane main artery, and carries vehicular traffic of over six thousand vehicles per day, northerly and southerly through the central part of Michigan. Most of the business areas east of Aurelius Road are on this highway.

Approximately 85% of the people in the populated area of Delhi Township work in Lansing.

Delhi Township has shown a rapid growth in population, with an increase in 1950 from 10,500 to 16,519 in 1960, or a percentage increase of 65%. The township has lost approximately six and a half square miles, containing 8,200 people, to the City of Lansing, by annexations in 1962 and 1964. Projected population growth into 1970 is estimated at 100% increase over 1960.

The present market value of both real and personal property in Delhi Township is fifty million dollars.

Delhi Township is a chartered township and the only local government for the entire area in question. It furnishes the only fire and police protection to this entire area. Each plat in the area is a Delhi Township Plat; there are no recorded plats identified with the unincorporated village of Holt. (Defendants' Ex. 45.)

Delhi Township has established a sewer district, and a new sewage disposal plant is located on McCue and Grovenburg Road in the southwestern corner of the township. Present users of the sewer system are divided approximately evenly between east and west of the six-mile area described above. However, 70% of all sewage lines in the chartered Township of Delhi are west of Aurelius Road, which in itself confirms the population expansion to the southwest and west in Delhi Township.

Both sides of Aurelius Road are zoned commercial. The rapidly expanding westward development is clearly visible, and building permits issued in Delhi Township have shown a substantial yearly increase. Of the 197 permits issued in 1964, 120 were for construction in the area west of Aurelius Road.

Construction of a 200-unit apartment building behind the proposed branch bank is in the planning stage. Trailer slabs are now constructed on the site of a projected 25-unit mobile home park area on the southwest corner of the developing residential area. Heavy equipment is on this site, which is located on the southwest corner of the intersection of Eifert and McCue Roads.

Subdivision home construction ranging from moderately priced homes to $35,000 and $45,000 homes, is under way south of West Holt Road and west of Aurelius Road.

Hartley's Midway Supermarket, Inc. recently enlarged its floor space from 10,000 square feet to 45,000 square feet, to meet the demands of continual rapid

growth and development clearly evident in the area found by the Comptroller to be a village. This company in 1964 did an annual business of $1,300,000, with an average sale of $8.00 per person.

With prevailing conditions, it is impossible to ascertain the geographic boundaries of an area known as the "unincorporated village of Holt." Different sets of boundaries of the unincorporated village of Holt are used for census purposes, for sewage districts in the chartered Township of Delhi, for the Holt-Dimondale School District, for the telephone service area, and for the Holt postal area.

The Holt Post Office services substantially all of Delhi Township.

The nebulous unincorporated village of Holt has no form of government whatsoever. It has no village council, president, clerk or treasurer. It has no village fire department or police department, and it is not a legal entity.

■ This court is not required to determine the exact outlines or boundaries of the so-called village of Holt. As Chief Judge Kent observed in the Southern Michigan National Bank of Coldwater v. Saxon case:

"* * * this Court is satisfied that it is not incumbent upon the court in these proceedings to determine the exact outlines or boundaries of such village area. To begin with, such boundaries are generally and frequently extremely nebulous if not impossible to ascertain in the case of any incorporated municipality, if you may dignify it by calling it a municipality." (C.A. 4946, D.C. W.D.Mich., April 1965.)

Four employees of plaintiff American Bank and Trust Company conducted a poll in the area determined by the Comptroller to be a village.

One of the pollsters testified that he knocked on the doors of 99 houses in the area and asked the person who answered the door this question: "Do you consider that you live in Holt?" and the reply was "yes." He further testified he knocked on the doors of 199 houses and received no reply. He estimated that each house contained an average of two adult persons.

By use of simple multiplication, multiplying 99 houses where a response was received by the estimated two adults residing in each, we find the average number of people in those houses to be 198.

Multiplying by 2 the number of houses where no answer was received, 199, we find an average of 398 persons in those houses. The total of these two figures is 596, which is the approximate number of persons residing in 298 houses.

Or, if one adds 199 and 99 together, making a total of 298 houses with an average of two adults per house, 2 x 298 is 596. Thus, it appears that insofar as one poll is concerned, only 99 persons out of 596 answered the question, "Do you consider that you live in Holt?" affirmatively. Moreover, the 99 who replied represent less than one-fifth of the adults living in the particular area which was polled.

This, of course, goes to the probative value of the poll.

The testimony of the three other pollsters was generally to the same effect, and the same conclusion can be drawn as to their testimony.

The question was designed to be clearly leading and suggestive. We see that people in Delhi Township are serviced by the Holt Post Office.[1] Their children

1. The Holt postal area geographically may be described as follows:
Commencing at the intersection of East Holt Road and College Road; north on College Road to Sandhill Road; then again south on College to Dell Road; west on Dell Road to Pine Tree Road; south on Pine Tree Road to Willoughby; west on Willoughby to Miriam Street, then north to Harding; west on Harding to Selmast, north on Selmast one block; thence west to Aurelius; south on Aurelius to Willoughby; west on Willoughby to Kingdon, north on Kingdon ½ mile; then again south on Kingdon to Willoughby, west on Willoughby Road to Gunn Road;

attend the Holt-Dimondale School District Schools. The telephone directory listings blanket a very large part of Delhi Township under the name of Holt. Thus, the impact of such a leading question is clear.

Defendants objected to the admissibility of this poll. It was not discussed at pretrial, and it was first presented at the trial.

Defendants' objections, however, go to the weight and sufficiency rather than to admissibility. The court fully considered the poll in evidence and weighed its sufficiency and competency. The court concludes that under the circumstances it is not persuasive. The case of Bank of Dearborn v. Taylor, 365 Mich. 567, 114 N.W.2d 210, persuasively overrides plaintiff's position.

█ All persons in the Holt post office area may very well consider themselves as living in Holt, since this is their mailing address; but to hold that all such persons are within the unincorporated village of Holt within the meaning of the term "village" under Section 34 of the Michigan Financial Act, and Section 36(c) of the National Banking Act, would be to defeat the purpose of these laws. Thus, in view of the clearly leading and thoroughly suggestive nature of the question, under these circumstances the poll is without substantial probative value, and it is not binding upon the Comptroller or this court.

The court has carefully considered plaintiff's proposed findings of fact, with particular attention to the quotations from the report of National Bank Examiner Arthur K. Veldey, countersigned by Joseph G. Lutz, Regional Comptroller, relating to the investigation of Arthur

K. Veldey on April 6 and 7, 1964, of the area involved in the case presently before the court.

In D of 5A of that report, the Bank Examiner states: "The Holt postal area, which is from two to three miles wide north and south and extends from one mile east of Holt proper, to four miles west of the community, contains 2,062 households."

A reference to defendants' Exhibit 28, entitled "Recorded Plats of Delhi Township," indicates that the above statement places the west boundary of Holt at Aurelius Road, and the east boundary of Holt at the Michigan Central Railroad Tracks.

After the Comptroller received this report, communications between Dart National Bank and the Comptroller's office resulted in the decision to amend the application so as to place the proposed Dart National Bank branch on the west side of Aurelius Road and north of West Holt Road.

█ The Comptroller determined that under the law there was a village in addition to the village of Holt, and the only question before the court is whether or not this determination by the Comptroller was arbitrary, unreasonable, or capricious.

A careful examination of all the exhibits in the case, and consideration of the testimony, plus the Comptroller's file and personal inspection of the entire area, leads this court to the conclusion that under all the facts and circumstances of this case, the Comptroller's judgment was reasonable, and he was not arbitrary or capricious. His finding of a village is in accord with the definitions of a village contained in Section 34

south on Gunn Road to West Holt; west on West Holt to Waverly Road; south on Waverly to McCue Road; east on Mc-Cue to Grovenburg Road; south on Grovenburg 1⅜ miles; thence north on Grovenburg to Harper; east on Harper to Onondaga, south on Onondaga ⅜ mile; thence north on the same road ½ mile to Harper; east on Harper to Eifert and south on Eifert ⅜ mile; thence north

on Eifert to Harper; east on Harper to Aurelius; north on Aurelius to Wilcox; east on Wilcox ½ mile; thence southeasterly ⅘ mile; thence northeasterly ⅖ mile; thence northwesterly 9⁄10 mile; thence northeasterly ⅖ mile to East Holt Road; east on East Holt Road from the Michigan Central Railroad tracks to College.

of the Michigan Financial Institutions Act, and both the Michigan and Federal court decided cases. He had the benefit of an on-site report from one of his Bank Examiners, Mr. Veldey, and the court had the benefit of an inspection of this area.

It is unnecessary to again quote from the cases of Wyandotte Savings Bank et al. v. State Banking Commissioner (1956), 347 Mich. 33, 78 N.W.2d 612; Bank of Dearborn v. Taylor (1962), 365 Mich. 567, 114 N.W.2d 210; Community National Bank of Pontiac v. Saxon et al., 6 Cir., 310 F.2d 224 (1962); Community National Bank of Pontiac v. Gidney, (D.C.Mich., 1961) 192 F.Supp. 514; The Southern Michigan National Bank of Coldwater et al., v. Saxon et al. (C.A. 4948, D.C.W.D.Mich., April 1965); or any of the other cases.

▮ The Comptroller's finding is supported by an abundance of facts. Houses, stores, business establishments, churches and schools exist in this area, which is experiencing a rapid economic expansion. The area in question possesses all of the characteristics of a village as described in the above cited cases.

Delhi Township is experiencing an economic explosion to the west and southwest. It is absorbing some of the population of the City of Lansing on the north.

In the Wyandotte Savings Bank and Bank of Dearborn cases, supra, the Michigan Supreme Court thoroughly examined the definition of a "village" as that definition is applicable to banking in Michigan.

In essence, the conclusion reached in those cases was that there is no exact definition of "village," since it is a word of common usage, embracing a great many factors. The facts present in each case must govern, and economic, rather than governmental or geographic boundaries, are the decisive features of each decision.

▮ Accordingly, the "village" question can best be evaluated by reference to the people living in the area. If, in a given district or vicinity or locality the population is so grouped as to form a distinct neighborhood or community for residential or business purposes, the fact that this given area is contiguous to, or part of, a larger homogeneous area, does not preclude the possibility of a finding that the area is actually a separate "village." Economic viability and independence are, in the final analysis, the touchstones of any decision relating to the existence or nonexistence of a village under Michigan banking law, and potential for growth is a factor which must be given serious consideration in this regard.

The evidence in this case, while conflicting, supports the Comptroller's conclusion as to a village existing in that territory bounded by Willoughby Road on the north, Aurelius Road on the west, Eifert Road on the east, and Harper Road on the south.

Thus, the plaintiff has failed to meet its burden of proof that the Comptroller's order was unlawful or unreasonable in authorizing defendant's branch.

Findings of fact and conclusions of law are contained in the body of this opinion, as provided in Rule 52 of the Federal Rules of Civil Procedure.

An order may be drawn accordingly.