SOUTHGATE BANK *v.* STATE BANKING COMMISSIONER.

Opinion of the Court.

1. Banks and Banking—Change of Location—Statutes—Equity —De Novo Appeal.

Plaintiff bank's application for permission to change the location of their main office under the financial institutions act is an equity proceeding, and appeal from the decision of the banking commissioner is *de novo* in circuit court (CL 1948, § 487.21).

2. Same—Change of Location—Financial Institutions Act— Statutes—Intent.

Legislative history, as well as the wording of the financial institutions act, lead necessarily to the conclusion that the legislature intended from the beginning to permit a change of location of the main office of a bank *only* with the banking commissioner's approval, subject to the right under the act of judicial consideration and determination *de novo* (CL 1948, §§ 487.21, 487.39).

3. Same—Right of Bank to Change Location—Property.

No property right is involved in plaintiff bank's application for permission to change the location of its main office, and plaintiff has no vested right in such a change of location (CL 1948, § 487.39).

---

* Continued from volume 378 Michigan.

References for Points in Headnotes

[1] 2 Am Jur 2d, Administrative Law §§ 697–705.
[2, 3] 10 Am Jur 2d, Banks § 26.
[4, 5, 7] 5 Am Jur 2d, Appeal and Error §§ 729, 962.
Change of law after decision of lower court as affecting decision on appeal or error. 111 ALR 1317.
[6] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

4. Same—Case Remanded—Amendment to Statute.

  Defendant banking commissioner's appeal from judgment of Court of Appeals affirming circuit court reversal of commissioner's denial of plaintiff bank's application for permission to change the location of its main office, to change its name, and to increase its capital stock is remanded to circuit court for reconsideration of all issues in the light of subsequent amendment to the statute (CL 1948, § 487.39, as amended by PA 1966, No 23).

5. Same—Effect of Amendment Pending Appeal—Remand.

  The change of statute while an appeal is pending from affirmance by Court of Appeals of circuit court judgment rescinding banking commissioner's orders denying plaintiff bank's application to change its name, location of its main office, and to increase its capital stock, requires the Supreme Court to vacate the order based on the old law and remand the case to the circuit court for further testimony and consideration in the light of the changed conditions (CL 1948, § 487.39, as amended by PA 1966, No 23).

6. Costs—Banks and Banking—Amendment of Statute—Remand.

  No costs are awarded in appeal from affirmance by Court of Appeals of circuit court order rescinding banking commissioner's order denying plaintiff bank's applications to change its name and location, and to increase its capital stock, where the cause is remanded for further consideration in the light of an amendment to the statute (CL 1948, § 487.39, as amended by PA 1966, No 23).

Separate Opinion.

Dethmers, C. J., and O'Hara and Brennan, JJ.

7. Courts—Date of Appeal—Date of Decision—Interim Enacted Statute.

  *It is inconsistent with the function of judicial review to apply a statute, not expressly made retroactive by the legislature, but which, if applied, might change a given result, merely because such statute was passed in the interim between the date of appeal and the date of appellate decision.*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., Quinn and McGregor, JJ., affirming Wayne, Gilmore (Horace W.), J. Submitted January 6,

1967.  (Calendar No. 4, Docket No. 51,486.)  Decided March 13, 1967.  Rehearing denied May 2, 1967.

3 Mich App 204, reversed.

Complaint by Southgate Bank, a Michigan banking corporation, against Charles D. Slay, State Banking Commissioner, to rescind and restrain enforcement of defendant's order denying plaintiff's applications to change name of bank, change location of bank, and to increase capital stock of bank.  Judgment for plaintiff.  Judgment affirmed by Court of Appeals.  Defendant appeals.  Judgment reversed and cause remanded to circuit court.  See 380 Mich 282.

*Wm. Henry Gallagher* and *Reymont Paul,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendant.

PER CURIAM.  Refer to the appellate decision below (3 Mich App 204), affirming circuit court reversal of the defendant banking commissioner's negative view of plaintiff's statutory applications.  This Court, concerned that the impact *pendente* of PA 1966, No 23, amending CL 1948, § 487.39 (Stat Ann 1968 Cum Supp § 23.767), might require another result,[1] granted leave to appeal.

In mind is the jurisdictional nature of plaintiff's complaint.  By express pleading and recital of the pretrial statement it is here under and in pursuance of section 21 of the financial institutions act (CL 1948, § 487.21 [Stat Ann 1957 Rev § 23.739]).  To the statutory marrow thereof this is an equity pro-

---

[1] Such say as Chief Judge LESINSKI proposed by dissent; 3 Mich App at 219.

ceeding, brought up now for *de novo* consideration. See detailed comment upon section 21 in *Bank of Dearborn* v. *Banking Commissioner*, 365 Mich 567, 574. The circuit court by that section having been

"given jurisdiction of such suits and empowered to affirm, modify, vacate, or set aside the order of the commissioner in whole or in part and to make such other order or decree as the court shall decide to be proper and in accordance with the facts and the law."; [2]

the Court of Appeals and this Court in turn are equipped with like jurisdiction. These introductory thoughts lead to the merits.

A majority of the Justices find themselves in agreement with the attorney general's position that the legislative history as well as the wording of former section 39 of the financial institutions act (CL 1948, § 487.39 [Stat Ann 1957 Rev § 23.767]) lead necessarily to conclusion that the legislature intended from the beginning to permit a change of location of the main office of a bank only with the banking commissioner's approval, subject of course to the right under section 21 of judicial consideration and determination *de novo*. Decision nevertheless is planted upon unanimous view that the 1966 amendment, effecting as it does clear requirement of administrative approval, calls for vacation of both judgments below with remand for reconsideration in circuit of all presented issues in the light of that amendment. To this we add firm determination that no right in property is involved and that the plaintiff bank had before—as well as now—no vested right to a change of location of its main office.

Followed procedurally is *Burlington Truck Lines* v. *United States*, 371 US 156 (83 S Ct 239, 9 L ed 2d

---

[2] This paragraph of section 21 concludes with the sentence: "Any party shall have the right to appeal from such decree to the Supreme Court in the same manner as from other chancery suits."

207).   There a three-judge court upheld an order
of the interstate commerce commission granting a
carrier's application for leave to transport com-
modities between specified interstate points.   Be-
tween the date of the Commission's order and the
date of decision by the three-judge court, Congress
added a section to the scrutinized statute which in
the Supreme Court's view affected the reasons for
each of the decisions below.   This result followed
(371 US 156, at 172):

"These intervening facts so changed the com-
plexion of the case that (even putting aside the
considerations discussed above) the reviewing equity
court, in the exercise of its sound discretion, should
not have affirmed the order, as it did, but should
have vacated it and remanded it to the commission
for further consideration in the light of the changed
conditions.   See *Ford Motor Co.* v. *NLRB*, 305 US
364, 373, 374 [59 S Ct 301; 83 L ed 221, 229, 230];
*Missouri, ex rel. Wabash R. Co.,* v. *Public Serv. Com.*
273 US 126, 130, 131 (47 S Ct 311; 71 L ed 575, 577);
*Gulf, C. & S. F. R. Co.* v. *Dennis,* 224 US 503, 506–509,
32 S Ct 542, 56 L ed 860–862."[3]

Since section 21 as construed in the *Dearborn Case*
requires no adversary proceeding or hearing before
the commissioner and provides adequate due process
in circuit with consideration *de novo* of all the rights
of the plaintiff bank and of the public (the latter
represented by the commissioner), we direct remand
to the circuit court rather than to the commissioner.
On remand that court will consider the bank's respec-

---

[3] The *Burlington Case* has caused the editors of current American
Jurisprudence to add this by supplement (2 Am Jur 2d Administra-
tive Law § 757, "Effect of Change of Law," p 657; current pocket
supp. p 21):

"On the other hand, it has been held that where the law is
changed during the review proceedings the court should vacate
the order based on the old law and remand the case to the ad-
ministrative agency for consideration in light of the changed
conditions."

tive applications anew in light of the 1966 amendment of section 39 and also of the responsibility and fitness requirements of preceding section 26 (CL 1948, § 487.26 [Stat Ann 1957 Rev § 23.754]), which last mentioned section should be read and applied with current section 39 to attain the broadly unitary purposes of the two sections. The circuit court may as a matter of discretion take such additional testimony as the parties may desire and, with or without such testimony but with appropriate findings of fact, will enter a new decision for or against plaintiff's said applications. Thereupon the present record, together with such record as may be made on remand, will be certified to this Court for such further proceedings as may then be directed by order. No costs.

KELLY, BLACK, T. M. KAVANAGH, SOURIS, and ADAMS, JJ., concurred.

O'HARA, J. (*dissenting*). I am not in accord with the per curiam opinion in this case. Specifically, I oppose remand.

It is inherent in the appellate process that time elapses between the date of appeal and the date of appellate decision. Thus, to remand a record made because a statute passed during this interlude but not expressly made retroactive by the legislature *might* change a given result is, to me, inconsistent with the function of judicial review. Absent the interim-passed statute, no basis for remand is presented.

I would affirm the trial judge and the Court of Appeals.

DETHMERS, C. J., and BRENNAN, J., concurred with O'HARA, J.