IN RE APPLICATION OF THE SKEEDEE INDEPENDENT
TELEPHONE COMPANY, ST. EDWARD, NEBRASKA.
SKEEDEE INDEPENDENT TELEPHONE COMPANY, APPELLANT,
v. FARM BUREAU ET AL., APPELLEES.

87 N. W. 2d 715

Filed February 7, 1958. No. 34308.

*O'Hanlon & O'Hanlon,* for appellant.

*Earl Hasselbalch,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from an order of the Nebraska State Railway Commission granting in part, and subject to condition, an application of the Skeedee Independent Telephone Company for an increase in rates. The above parties will be referred to herein as the commission and the applicant.

The applicant appeals. We reverse the order of the commission and remand.

Applicant filed its application with the commission on August 7, 1956. Over 5 months later on January 16, 1957, the commission set the matter down for public hearing at St. Edward, Nebraska, to be held on January 29, 1957. Applicant filed an amended application, bringing fact and figure allegations to date, on January 18, 1957.

The application was based on the contention that substantially increased rates for telephone service were necessary to meet increased wage requirements of plant and traffic personnel, taxes, depreciation, and interest requirements on borrowed money, and to provide a reasonable return to investors.

The hearing on January 29, 1957, appears to have taken most of the day. Eight days later on February 6, 1957, the commission made a finding that it had considered the application, filings, and evidence, and denied the application on the ground that the proposed rates were not in the best interests of the public. The commission made no findings of fact on any of the matters advanced by the applicant to sustain the increased rates. The hearing was before an examiner. There is no examiner's report or recommendation shown. The

testimony given at the hearing was transcribed and submitted to the commission and the applicant on April 6, 1957, 2 months after the above denial order was entered.

Rule 4.7 of the Rules of Practice and Procedure before the commission (effective October 15, 1950), provides for an examiner's report and recommendation to be served upon the interested parties, and a 10-day period for parties to file and serve exceptions thereto. And: "If no exceptions are filed within ten days after the mailing of the Examiner's report and recommendation, the Commission will consider same and render its decision." Obviously this rule was not observed by the commission.

On March 1, 1957, the applicant moved for rehearing and reconsideration. No ruling on the motion appears in the transcript. On April 15, 1957, the commission set the matter for rehearing at St. Edward on June 11, 1957. It was again heard before an examiner. The transcript of the testimony was certified by the reporter on August 16, 1957. No examiner's report or recommendation appears in the transcript. Nevertheless, the commission on July 2, 1957, entered an order reciting that it had considered the application and the evidence adduced at the hearing and rehearing. It made no findings of fact on any matter advanced by the applicant to sustain an increase of rates.

It did find that the applicant should be authorized to increase its rates so as to produce an additional gross revenue of $2,539.02 "with which to increase employees wages" as set forth in exhibits offered by applicant. It authorized the increased rates to that extent, subject to that condition, and otherwise denied the application.

The applicant appeals from that order.

A mere recital of this record is sufficient to show that the commission's acts, violating its own rules made for its own proceedings and violating those rules made

by it for the protection of the rights of an applicant, were unreasonable and arbitrary. The applicant, for all this record shows, was accorded no hearing before the commission. The commission listened to no argument (section 75-402, R. R. S. 1943); it made no finding of facts; it gave the applicant no reason for its action; and it provided no basis for a review of findings of fact.

At the first hearing the applicant offered evidence of its financial position and its needs for more revenue to meet wage increases, increased maintenance items, some modernization of its system, interest payments, and returns to its investors. Those resisting the application did not challenge the correctness of the figures or conclusions. The resistance was premised on a drought in the agricultural region served by applicant, with its resultant economic recession and the contention that subscribers should not be required to pay more for service due to the economic condition of the patrons, not the applicant.

At the second hearing, applicant offered evidence that it had operated at a loss for three out of the first four months of 1957; that its rate of return on its investment would be 1.61 percent and, on the proposed rates, 3.17 percent. It offered evidence that the commission had approved rate applications of other companies allowing a return of in excess of 6 percent figured on the same base rate as that of the applicant, and had approved applications authorizing service charges as great or greater than those sought by applicant. Applicant also offered evidence showing substantially increased cost of material items that go into maintenance, modernization, and extension of their system. Those resisting the application did not controvert those figures in any way.

The applicant offered evidence that the proposed wage increases would absorb from 65 to 70 percent of the anticipated increased total revenue. The commission allowed a rate increase sufficient to meet the require-

ment. It marked the funds as to be used for that purpose only.

In doing so it invaded the province of management. It also denied applicant any relief on the other matters involved in the application.

The order of the commission authorizing a limited rate increase, subject to the condition, in effect was an order fixing wage scales at the proposed rates set out in the applicant's evidence as a foundation for its need of additional revenue. It in effect directed the payment of that wage scale. It was the only item advanced by applicant that was not seriously resisted by those opposing a rate increase.

We have been cited to no authority (and find none) which authorizes the commission to fix wage scales or direct expenditures of funds for a particular purpose. In State of Missouri ex rel. Southwestern Bell Telephone Co. v. Public Service Commission, 262 U. S. 276, 43 S. Ct. 544, 67 L. Ed. 981, 31 A L. R. 807, it was held that "while the State may regulate with a view to enforcing reasonable rates and charges, it is not the owner of the property of public utility companies and is not clothed with the general power of management incident to ownership."

It is obvious that the part of the order conditioning the expenditure was unauthorized, unreasonable, and arbitrary.

The effect of the order is to find that there was need for more revenue so that the applicant could increase its wage and salary payments. To that extent the commission accepted, at full value, the undisputed evidence of the applicant.

Likewise the effect of the order is to find that there was no need for more revenue so that the applicant could meet the needs of its property for maintenance, betterments, and extension of service. Also that there was no need for more revenue to meet the applicant's fixed charges such as taxes and interest. Also that

there was no need for more revenue to meet the payment of an adequate fair return to its stockholders. As to these three areas of need, the evidence was unchallenged. The commission denied any relief to the applicant without an examiner's report, without a hearing by the commission, and apparently without access to the transcript of the evidence. The evidence as to need for increased rates in these three areas is just as clear and convincing as it is in the area of need in wage and salary increases. The duty of determining what conclusion should be made as to those matters rests upon the commission. The commission has the duty to give full, adequate, and fair consideration to the claims of an applicant for rate increases. The applicant has the right to require that it be done.

Generally, the items advanced as a basis for a wage increase involve consideration of factual matters. As to those we express no opinion as to whether they should be considered as necessary in whole, in part, or at all. The commission should consider each of the several items and make findings of fact thereon. In that way if the applicant is dissatisfied, we, on appeal, may consider the matter in the light of the rule that: On appeal to the Supreme Court from an order of the Nebraska State Railway Commission, while acting within its jurisdiction, the question for determination is the sufficiency of the evidence to prove that the order is not unreasonable or arbitrary. Chicago, B. & Q. R. R. Co. v. Keifer, 160 Neb. 168, 69 N. W. 2d 541.

The evidence here does not meet that test.

There is evidence here which, without dispute, demonstrates that the commission's finding denying any rate increase applicable thereto was unreasonable and arbitrary.

A public utility is entitled to rates for its service that may normally be expected to yield a fair return upon the reasonable value of the property that is being used for the public convenience. Marquis v. Polk County

Telephone Co., 100 Neb. 140, 158 N. W. 927; Omaha & C. B. St. Ry. Co. v. Nebraska State Railway Commission, 103 Neb. 695, 173 N. W. 690.

Here there is no question about the base determination of value of the property that is being devoted to public use. There is no question about the return that the rates required by the commission may normally be expected to yield. There is no question about the amount that the applicant may be able to pay to its investors. There can be no question that it is not a fair return on invested capital.

The·order of the commission is clearly wrong. It is reversed and the cause remanded.

REVERSED AND REMANDED.