CITIZENS NATIONAL BANK OF MAPLEWOOD, a national banking association, Webster Groves Trust Company, the Kirkwood Bank, First Security Bank in Kirkwood, Big Bend Bank, Maplewood Bank & Trust Company, Peoples State Bank of Maplewood, each banking or trust corporation organized under the laws of the State of Missouri, Plaintiffs,

v.

James J. SAXON, Comptroller of the Currency of the United States, and West Side National Bank, a national banking association, Defendants.

No. 65 C 32(1).

United States District Court
E. D. Missouri, E. D.

Dec. 30, 1965.

Harry G. Neill, Jr., Kappel & Neill, St. Louis, Mo., for Citizen's Nat. Bank of Maplewood.

Thomas V. Connelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Webster Groves Trust Co. and others.

Irwin Goldbloom, Washington, D. C., Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Ass't. U. S. Atty., St. Louis, Mo., John W. Douglas, Ass't. Atty. Gen., and Charles Shea, Atty., Law Dept., Comptroller of Currency, Washington, D. C., for James J. Saxon.

Wm. H. Biggs and Wm. C. Dale, Jr., St. Louis, Mo., for West Side Nat. Bank.

HARPER, Chief Judge.

The plaintiffs in this action are seven commercial banks (six state banks and one national bank), doing business in St. Louis County at banking houses located within an approximately four-mile radius from the newly established place of business of the West Side National Bank, one of the defendants.

The plaintiffs seek a declaratory judgment and an injunction to overturn the approval of the Comptroller of the Currency of the United States regarding the issuance of the charter for the West Side National Bank. The sole allegation of the plaintiffs is that the Comptroller's approval is invalid because of his failure to grant the plaintiffs a formal hearing in the matter before the charter was issued.

The testimony before the court, including the exhibits and pleadings, disclose that the defendant, West Side National Bank, filed an application for a charter as a national bank with the Comptroller on July 31, 1964. Pursuant to the statute and regulations controlling such applications (12 U.S.C.A. § 26; 12 C.R.F. 4.2) a national bank examiner made an investigation concerning the application, and the plaintiffs learned of the submission of the application.

On August 21, 1964, plaintiffs notified the Comptroller of their protests concerning the application and requested a hearing. On August 27, 1964, William B. Camp, Deputy Comptroller of Currency, acknowledged the letter and offered to "discuss the proposal" with the plaintiffs. This discussion was held in Washington, D. C., on October 6, 1964. At this meeting the plaintiffs again made a request for a formal hearing. No formal hearing was held, and the application of the defendant, West Side National Bank, was approved by the Comptroller on December 12, 1964.

■ As was stated above, the sole issue involved is whether the plaintiffs were entitled as a matter of law to a formal hearing. The only authority in the statute that empowers the Comptroller to hold a hearing if a hearing is required is contained in 12 U.S.C.A. §§ 26 and 27. These sections state that the Comptroller shall conduct investigations to determine the appropriateness of granting a charter for a national bank. There is no statutory requirement that a hearing, formal or otherwise, must be

conducted. The words used by Congress are:

"If, upon a careful examination of the facts so reported, and of other facts which may come to the knowledge of the Comptroller, whether by means of a special commission appointed by him for the purpose of inquiring into the condition of such association, or otherwise \* \* \*." 12 U.S.C.A. § 27.

■ "Examination" and "inquiring" are required, not "hearings". 12 C.F.R. 4.2 sets out the matters that the Comptroller shall investigate. In line with the statutory language, and in the spirit of basic fairness, the Comptroller does provide for hearings in some instances. These are controlled by the discretion of the Comptroller. 12 C.F.R. 4.12(d). There is no requirement for a hearing in the statute as there is in many of the other statutes creating Federal agencies. (See, for example, 49 U.S.C.A. § 13a (2), dealing with a hearing before the I.C.C. regarding discontinuance of railroad service.) Since no hearing is required there is no list of persons who are entitled to be heard. There is no requirement that parties "adversely affected or aggrieved" may be heard. This fact is not important in a discussion of the Administrative Procedure Act.

■■ Since there is no provision for review within the terms of the National Bank Act (12 U.S.C.A. § 21 et seq.), the terms of the Administrative Procedure Act (5 U.S.C.A. §§ 1001–1011) control. There is no requirement in the terms of the A.P.A. which requires a formal hearing in this instance. Section 7 of the Act (5 U.S.C.A. § 1006) deals with hearings which Sections 4 and 5 require. However, Sections 4 and 5 of the Act (5 U.S.C.A. §§ 1003 and 1004) deal with "Rule Making" and "Adjudication required by statute to be determined on the record". The determination of the Comptroller is not such. The National Bank Act does not require an adjudication on the record, only an examination of the facts to determine whether the application is proper. There is no rule making involved.

No appellate case was found directly in point on the issue before the court, but the case of First National Bank of Smithfield, North Carolina v. Saxon, Comptroller of the Currency of the United States, and First National Bank of Smithfield, North Carolina v. First National Bank of Eastern, North Carolina, 352 F.2d 267, decided by the Fourth Circuit Court of Appeals on October 21, 1965, throws some light on this issue.

The case before the Fourth Circuit Court of Appeals involved the approval by the Comptroller of the Currency permitting the establishment of a branch of a national bank, which approval was without a formal hearing. The Fourth Circuit Court of Appeals held that the law does not require the Comptroller to have a formal hearing before approving the establishment of a branch of a national bank. The case was reversed on other matters raised by the plaintiffs which are not before this court.

While different sections of the statute pertain to the establishment of national banks and to branch banks of national banks, they both fall under the same chapter of Title 12 U.S.C.A. This court is of the opinion that the same requirements apply with respect to a formal hearing before the granting of a charter or the establishment of a branch of a national bank.

■ It is the conclusion of this court that neither the Administrative Procedure Act nor the National Bank Act require a formal hearing as sought by the plaintiffs, and that there has been no showing that the Comptroller has abused his discretion in not conducting one.

The clerk will enter judgment in favor of the defendants, dismissing this action.