**CITIZENS BANK OF HATTIESBURG,**
**M. D. Brett and J. W. Mangum,**
**Appellants,**

v.

**William B. CAMP, Comptroller of the Currency of the United States, Appellee.**

**No. 24568.**

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1967.

Rehearing En Banc Denied
Jan. 18, 1968.

M. M. Roberts, Marion D. Brett, Francis Zachary, Hattiesburg, Miss., amicus curiae, for appellants.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., Alan S. Rosenthal, Walter H. Fleischer, Attys., Dept. of Justice, Carl

Eardley, Acting Asst. Atty. Gen., Washington, D. C., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM.

The Citizens Bank of Hattiesburg and two stockholders of the First National Bank of Hattiesburg seek a declaratory judgment that the approval by the Comptroller of the Currency of the application for the chartering of the Southern National Bank of Hattiesburg as a new national bank was unlawful. Pursuant to a full and able opinion, the district court dismissed the complaint.

We need not decide the question of whether a competing bank and stockholders of a second competing bank have standing to challenge the chartering of a new national bank for, assuming such standing arguendo, we agree with the district court that the complaint is without merit.

■ The present applicable statutes [1] and regulation [2] do not require the Comptroller to hold a formal adversary hearing in determining whether to approve the chartering of a new national bank.[3] The action of the Comptroller is not subject to review by trial de novo.[4] The court may not substitute its judgment for that of the Comptroller.

■ Upon the present record we cannot hold that the Comptroller denied the appellants a full and fair opportunity to oppose the granting of the charter, that he acted arbitrarily or otherwise illegally. We find no substance in appellants' other contentions. The judgment is

Affirmed.

## ON PETITION FOR REHEARING EN BANC

■ The Petition for Rehearing is denied and no member of this panel or Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25 (a), subpar. (b), the Petition for Rehearing En Banc is denied.

1. 12 U.S.C.A. §§ 21, 22 and 26.

2. 12 C.F.R. 4.2.

3. Webster Groves Trust Co. v. Saxon, 8 Cir. 1966, 370 F.2d 381; 1 Davis, Administrative Law Treatise § 4.04.

4. See authorities cited in note 3.