**STERLING NATIONAL BANK OF DAVIE, Plaintiff-Appellant,**

v.

**William B. CAMP, Comptroller of the Currency, et al., Defendants-Appellees (2 cases).**

**Nos. 27988, 29424.**

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1970.

James J. Kenny, Hugo L. Black, Jr., Miami, Fla., for plaintiff-appellant.

John N. Mitchell, U.S.Atty.Gen., Robert W. Rust, U.S.Atty., Lloyd G. Bates, Asst.U.S.Atty., C. Westbrook Murphy, Office of the Comptroller of Currency, Harland F. Leathers, Robert V. Zener, Walter H. Fleischer, Attys., U.S.Dept. of Justice, Washington, D.C., Donald W. Hulmes, Hollywood, Fla., Podhurst & Orseck, Robert Orseck, Aaron Podhurst, Walter H. Beckham, Jr., Miami, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and CLARK, Circuit Judges.

GOLDBERG, Circuit Judge:

In this bank charter contest we decline the parties' insistent invitation to resolve a jorum of preliminary issues. Instead, we assume but do not decide that Sterling Bank has standing to raise the issues here involved and proceed directly to the heart of the matter—the validity of the contested bank charter.

The present controversy began in 1968 when a group of individuals sought a charter from the Comptroller of the Currency for a new national bank in Davie, Florida. The Sterling National Bank of Davie protested the application. Hearings were held, and both the proponents and opponents of the new bank presented evidence regarding the propriety of chartering a new bank in Davie. Although several of his subordinates recommended that the charter not be issued, the Comptroller eventually gave preliminary approval for the new charter.

The Sterling Bank, upon learning of this action by the Comptroller, filed this suit seeking to have the charter grant set aside. Sterling asked for various preliminary orders which were denied by the district court, and an interlocutory appeal resulted. Before the matters raised in the interlocutory appeal could be resolved by this court, the district court, upholding the issuance of the charter, granted summary judgment against the plaintiff. Sterling Bank immediately appealed, and this court ordered the two appeals consolidated. Since time has been the solvent of most of the preliminary issues, we relegate to a deserved limbo the whys and wherefores of the preliminary sparring and consider only

the main issue—whether or not the Comptroller was authorized to grant the new charter. Agreeing with the district court's holding that the Comptroller acted within his authority, we affirm the decision of that court.

The statutory genesis for chartering a national bank is found in the National Banking Act, 12 U.S.C.A. § 21 et seq. The Act authorizes the Comptroller to grant new certificates of authority to commence banking in the following manner:

"If, upon a careful examination of the facts so reported, and of any other facts which may come to the knowledge of the comptroller, whether by means of a special commission appointed by him for the purpose of inquiring into the condition of such association, or otherwise, it appears that such association is lawfully entitled to commence the business of banking, the comptroller shall give to such association a certificate, under his hand and official seal, that such association has complied with all the provisions required to be complied with before commencing the business of banking, and that such association is authorized to commence such business. But the comptroller may withhold from an association his certificate authorizing the commencement of business, whenever he has reason to suppose that the shareholders have formed the same for any other than the legitimate objects contemplated by this chapter." 12 U.S.C.A. § 27.

It has always been recognized that this legislation confers vast discretion on the Comptroller to approve or disapprove a new charter application. Warren Bank v. Camp, 6 Cir. 1968, 396 F.2d 52; Webster Groves Trust Company v. Saxon, 8 Cir. 1966, 370 F.2d 381; see Ramapo Bank v. Camp, 3 Cir. 1970, 425 F.2d 333; Federal Home Loan Bank Board v. Rowe, 1960, 109 U.S.App.D.C. 140, 284 F.2d 274. As a result of the wide discretion vested in the Comptroller, every court which has considered the matter has concluded that judicial review

is limited to determining whether or not the action of the Comptroller was arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law. Ramapo Bank v. Camp, *supra;* Warren Bank v. Camp, *supra;* Citizens Bank of Hattiesburg v. Camp, 5 Cir. 1968, 387 F.2d 375, cert. denied, 391 U.S. 904, 88 S.Ct. 1652, 20 L.Ed.2d 418; Webster Groves Trust Co. v. Saxon, *supra.*

Evaluating the Comptroller's action in this case, we find not the slightest indication that he overstepped his authority or acted capriciously and arbitrarily. With respect to the question of whether or not there was a reasonable case on the merits for approving a new bank, the district court stated that "the administrative file is replete with evidence which would support either view." We agree. The Comptroller decided that the evidence supported the necessity of the new bank. We are not free to reverse the Comptroller's exercise of discretion and substitute our view of the merits for his. Webster Groves Trust Co. v. Saxon, *supra.* The administrative file plainly shows that the charter grant involved here was not made arbitrarily, capriciously, or in violation of the law. The grant must therefore be upheld. Citizens Bank of Hattiesburg v. Camp, *supra;* Webster Groves Trust Co. v. Saxon, *supra.*

Sterling Bank claims, however, that despite the evidence supporting the Comptroller's action, his award was unlawful because (1) he received ex parte secret information from the charter applicants, and (2) he did not accompany his award with a written opinion stating the reasons for his action. Both contentions are without merit.

■ Sterling Bank's first argument, that the Comptroller acted unlawfully by considering evidence obtained ex parte from the applicants, is nothing more than another way of contending that the Comptroller must obtain his information from a formal adversary hearing before he approves or disapproves a new bank application. This contention has been completely rejected in cases involving

both new bank charters and branch charters. Ramapo Bank v. Camp, *supra;* Warren Bank v. Camp, *supra;* Citizens Bank of Hattiesburg v. Camp, *supra;* Webster Groves Trust Co. v. Saxon, *supra;* First National Bank of Smithfield, North Carolina v. Saxon, 4 Cir. 1965, 352 F.2d 267, approved First National Bank of Logan v. Walker Bank & Trust Co., 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed. 2d 343. In rejecting the contention that the Comptroller must always hold an adversary hearing, the courts have most often relied on the wording of the National Banking Act which authorizes the Comptroller to base his decision on facts reported in the application and "any other facts which may come to the knowledge of the comptroller, whether by means of a special commission appointed by him \* \* \* *or otherwise* \* \* \*." 12 U.S.C.A. § 27 (emphasis added).

The wording of the statute clearly authorizes the Comptroller to obtain his facts in a variety of ways. Since no formal adversary hearing is required and the Comptroller is authorized to obtain information by special commission "or otherwise," it is obvious that the Comptroller committed no unlawful action when he accepted and perhaps considered information sent to his office by some of the applicants, even though this was done without the knowledge of those opposing the charter.

Moreover, in our view some of the same considerations which led Congress to exempt the Comptroller from the necessity of holding a formal adversary hearing also excuse him from filing a written opinion expressing his reasons for granting or denying an application. In Webster Groves Trust Co. v. Saxon, *supra,* the court explained:

"The very nature of the decision required by the Comptroller indicates that a formal adversary type hearing would be of little benefit to him in the discharge of his discretionary powers. There is the further factor present that if bank applicants were subjected to severe public cross-examination, public presentation of unfavorable evidence and were forced to disclose their future plans and programs to competitors, public confidence in the banking system could be adversely affected." 370 F.2d at 385.

*Accord,* Federal Home Loan Bank Board v. Rowe, *supra.* See also Warren Bank v. Camp, *supra.*

The very considerations which make it undesirable to subject applicants to public cross-examination make it equally undesirable to compel the Comptroller to publish an opinion concerning his reasons for granting or denying a charter. The damage to public confidence would be the same no matter which way the confidential information became public. The statute clearly does not require that the Comptroller support his decision with a written opinion, and we think it would be ill-advised for this court to impose a requirement which Congress has not seen fit to demand. We conclude, therefore, that there was nothing unlawful in the Comptroller's action in granting the charter without a written opinion.

In sum, Sterling Bank was given a full and fair hearing to express its opposition to the new charter. The Comptroller decided against its position. Although we cannot chart the subjectives of his discretionary decision, it was obviously based on a composite of many factors and much data. To say that one fact was erroneous and that another fact was askew is not to infest the Comptroller's exercise of discretion with the scent of arbitrariness or capriciousness sufficient to set aside his decision. These are words of pejoration and must be supported by factual muscularity. Hypothets of error will not suffice. Here such factual muscularity is lacking, and as a result we cannot fault the Comptroller's decision. We find, therefore, that the charter for the new bank in Davie, Florida, is valid and should not be set aside by this court. In No. 27,988 the appeal is dismissed. In No. 29,424 the judgment of the district court is affirmed.