**GUARANTY SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**The FEDERAL HOME LOAN BANK BOARD et al., Defendants.**

**Civ. A. No. 732–71.**

United States District Court, District of Columbia.

Aug. 2, 1971.

William S. D'Amico, Pierson, Ball & Dowd, Washington, D. C., for plaintiff.

Paul E. McGraw, Associate Gen. Counsel, Daniel J. Goldberg, Asst. Gen. Counsel, Federal Home Loan Bank Bd., Washington, D. C., for defendants.

## MEMORANDUM OPINION

SIRICA, Chief Judge.

Plaintiff, a savings and loan association headquartered in Milwaukee, Wisconsin, brings this action for the entry of a preliminary injunction to restrain the defendant Federal Home Loan Bank Board (FHLBB) from approving the exact location of the branch of the Milwaukee Federal Savings and Loan Association, Milwaukee, Wisconsin, pursuant to the Federal Home Loan Bank Board Resolution No. 71–259. The plaintiff argues that the FHLBB had no proper and reasonable basis to approve Milwaukee Federal's application, because the administrative record underlying the approval and the Resolution were products of arbitrary and capricious acts of FHLBB. The defendants contend that the plaintiff has failed to meet the tests which would warrant the granting of any type of preliminary relief, and therefore asks that the Court deny the plaintiff's request for a preliminary injunction.

On April 8, 1970, the plaintiff, a state-chartered savings and loan association, filed an application with the Wisconsin Savings and Loan Commissioner for permission to establish a branch office in Greenfield, Wisconsin. This application was approved on July 30, 1970, and plaintiff opened the branch for business on March 29, 1971.

On October 5, 1970, Milwaukee Federal Savings and Loan Association, a federally-chartered association, filed an application for permission to establish a branch office located approximately one block away from the plaintiff's branch. The FHLBB notified plaintiff and all other competing institutions of the filing of Milwaukee Federal's branch application and it commenced a field investigation on the application. It should be noted that the records indicate that currently there are no other competing institutions within two miles of plaintiff's branch office in Greenfield, Wisconsin. Plaintiff was the sole objector to the approval of the application.

On November 20, 1970, the plaintiff submitted its reasons why it objected to Milwaukee Federal's branch application, and it requested that a public hearing be held *only* if the Board decided to approve Milwaukee's application. Oral argument on the application was held on January 5, 1971, before the FHLBB's Supervisor Agent. The argument was conducted according to FHLBB regulation, 12 C.F.R. 545.14(h) (1970). Counsel for the plaintiff appeared at the argument and presented plaintiff's case.

On March 18, 1971, the FHLBB approved Milwaukee Federal's branch application by Resolution No. 71–259, stating that the application met the regulatory considerations contained in 12 C.F. R. 545.14(c) (1970).

On June 18, 1971, the plaintiff applied for the preliminary injunction to restrain the Board from approving the location of Milwaukee Federal's branch which is now before this Court.

A plaintiff must satisfy four conditions in order for a preliminary injunction prohibiting or staying the establishment of a branch office approved

by a banking or savings and loan regulatory agency to issue. He must show:

(1) That the action of the agency in approving the branch application was arbitrary, capricious and an abuse of discretion and therefore that plaintiff is likely to prevail upon the merits;

(2) That plaintiff will, be irreparably injured unless the stay is granted;

(3) That no substantial harm would result to the branch applicant;

(4) That the public interest would be benefitted by the issuance of an injunction.

First-Citizens Bank & Trust Co. v. Camp, 432 F.2d 481, 483 (4th Cir. 1970). *See also* Virginia Petroleum Job. Ass'n. v. Federal Power Commission, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958).

■ The Court finds that plaintiff is not likely to prevail on the merits. Essentially, plaintiff argues that it was denied procedural due process because the FHLBB did not hold a full evidentiary public hearing in connection with its approval of Milwaukee Federal's branch application, and because the FHLBB did not make formal findings of fact or render a written opinion explaining its decision. After examining the FHLBB's regulations on branch application, the Court notes that there is no provision for a formal hearing; however, 12 C.F.R. 545.14(h) (1970) does provide for "oral argument" by a protestant to the application. The Court notes that this proceeding was held, and that the plaintiff, represented by its counsel, did appear and argue its opposition to the branch application.

■ The weight of authority in this circuit and several other circuits is to the effect that "due process" considerations do not require the FHLBB or the Comptroller of the Currency to hold a hearing on a branch application, even if the application is contested by a competing institution. *See* First National Bank of McKeesport v. First Federal Savings & Loan Ass'n of Homestead, 96 U.S.App.D.C. 194, 225 F.2d 33 (1955); Federal Home Loan Bank Board v. Rowe, 109 U.S.App.D.C. 140, 284 F.2d 274 (1960); Bridgeport Federal Savings & Loan Ass'n. v. Federal Home Loan Bank Board, 199 F.Supp. 410 (E.D.Pa. 1961), *affirmed*, 307 F.2d 580 (3rd Cir. 1962), *cert. denied*, 371 U.S. 950, 83 S. Ct. 504, 9 L.Ed.2d 499 (1963); Central Savings & Loan Ass'n of Chariton, Iowa v. Federal Home Loan Bank Board, 293 F.Supp. 617 (S.D.Iowa 1968), *affirmed*, 422 F.2d 504 (8th Cir. 1970).

■ The plaintiff urges that Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), requires the Court to remand to FHLBB for further explanation of its decision on the application. The Court does not agree that formal findings were required in the instant case. The record before the Court, including the transcript of the oral argument held January 5, 1971, the branch application of Milwaukee Federal, and other exhibits, indicates that substantial consideration was given to the branch application and the protest by the plaintiff. Furthermore, the Court believes that *Overton Park* is distinguishable. In that case the Supreme Court determined that formal findings were not required of the Secretary of Transportation concerning his approval of a six-lane interstate highway through a Memphis, Tennessee public park. However, the Court found that in that case the judicial review based solely on litigation affidavits was inadequate. The Court then pointed out:

A threshold question—whether petitioners are entitled to any judicial review—is easily answered. Section 701 of the Administrative Procedure Act, 5 U.S.C. § 701 (Supp. V), provides that the action of "each authority of the Government of the United States," which includes the Department of Transportation, is subject to judicial review except where there is a statutory prohibition on review or where "agency action is committed to agency

discretion by law." 5 U.S.C. § 701 (Supp. V). 401 U.S. at 407, 91 S.Ct. at 820.

Prior cases in this circuit have held that "authority to permit a chartered association to establish a branch is clearly committed to agency discretion." Federal Home Loan Bank Board v. Rowe, 109 U.S.App.D.C. 140, 144, 284 F.2d 274, 278 (1960). *See also* First National Bank of McKeesport v. First Federal Savings & Loan Ass'n, 96 U.S.App.D.C. 194, 197, 225 F.2d 33, 36 (1955).

■ The Court feels that Congress has given wide discretion necessitating expert judgment to an administrative agency, such as a banking agency, and therefore judicial review of the agency's judgment is necessarily limited. Securities and Exchange Commission v. New England Electric System, 390 U.S. 207, 88 S.Ct. 916, 19 L.Ed.2d 1042 (1968). The Court believes that the same rationale applied by Judge Smith of this Court in First National Bank of Fairbanks v. Camp, 326 F.Supp. 541 (D.D.C.1971) should apply here. Judge Smith held:

> The clear weight of authority holds that the Comptroller in considering branch bank applications is not subject to the hearing procedures found in the Administrative Procedure Act, 5 U.S.C. §§ 554–557, and that the same considerations which led Congress to exempt him from the necessity of holding a formal adversary hearing also excuse him from filing written opinions expressing his reasons for approval or denial, e. g., Sterling National Bank of Davie v. Camp, 431 F.2d 514, 517 (5th Cir. 1970); *accord,* National Bank of McKeesport v. Saxon, 268 F.Supp. 720, 723 (D.C.Pa.W. D.1967). [sic.] There are no provisions in the National Bank Act branching section, 12 U.S.C. § 36, requiring that the Comptroller either issue an opinion or make his reasons public. 326 F.Supp. 541, 545 (D.D.C. 1971).

■ The Home Owners' Loan Act of 1933, 12 U.S.C. § 1464 (Supp. V, 1970), like the National Bank Act, 12 U.S.C. §

36 (Supp. V, 1970), does not require the FHLBB to issue an opinion or explain why it has approved or denied an application. The Court sees no reason to apply a different standard to FHLBB, which for all intents and purposes performs the same function as the Comptroller, in approving branch applications.

The Court finds that no irreparable harm will result to the plaintiff by denying the preliminary injunction. The plaintiff already has had approximately four months to gain customers for its branch. Furthermore, the findings of fact made by the Wisconsin Deputy Commissioner of Savings and Loan, when plaintiff made its branch application, states as follows:

> Savings and loans do not generally create drawing power by themselves, although, when two or more associations are located in a given area, they may create a savings and loan financial center whereby their natural drawing power is increased. Finding 11, Findings of Fact and Conclusions of Law in the Application of Guaranty Savings and Loan Ass'n For Permission to Establish a Branch. Wis. Comm'r of Savings And Loan, July 30, 1970.

The Court therefore believes that the competition for Milwaukee Federal's branch will have a positive effect on the savings and loan business in Greenfield, Wisconsin.

The Court also finds that Milwaukee Federal may suffer substantial harm due to the consequential loss of business it will incur every day it must delay opening its branch. In addition, substantial outlays in capital have already been made after the FHLBB approved the application. There is little question but that Milwaukee would be substantially injured by the granting of a preliminary injunction.

Finally, the Court believes that the availability of a choice of financial institutions is in the public interest, and that the alleged injury, which plaintiff states

will result to its business, is not supported by the record.

Accordingly, for the foregoing reasons, the plaintiff's motion for a preliminary injunction to enjoin the FHLBB from approving the exact location of the branch of the Milwaukee Federal Savings and Loan Association, Milwaukee, Wisconsin is hereby denied.

This memorandum opinion will constitute the findings of fact and conclusions of law. Counsel for defendant will submit an appropriate order.