FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LINCOLN, A UNITED STATES CORPORATION, APPELLANT, v. DEPARTMENT OF BANKING OF THE STATE OF NEBRASKA ET AL., APPELLEES.

196 N. W. 2d 105

Filed March 31, 1972. No. 37932.

See 187 Neb. 562, 192 N. W. 2d 736, for original opinion.

John W. Delehant, John E. Dean, and Robert J. Huck, for appellant.

Ralph H. Gillan, for appellee Department of Banking.

James J. Fitzgerald, Jr., Lyle E. Strom, and Douglas W. Reno, for appellee Commercial Sav. & Loan Assn.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J., dissenting.

This case involves the issuance of authority, without notice to other savings and loan associations, to open a branch savings and loan association.

Article I, section 3, Constitution of Nebraska, provides that no person shall be deprived of "life, liberty, or property," without due process of law. The Fifth and Fourteenth Amendments to the Constitution of the United States contain identically the same provision. In the present case, it is readily apparent that "life or liberty" are not threatened. If the due process clause

is applicable, it must be solely on the theory that an existing savings and loan association has a "property right" in a continued monopoly of business in its area. In other words, although the association's charter is in no way affected, it has a property right in the "limitation of competition." This is the only theory upon which the finding of a violation of "due process" in the case at issue can rest and this theory is not applicable.

In Hohorst v. Greenville Bus Co., 17 N. J. 131, 110 A. 2d 122, it is stated: "Adverse effect on operators of existing bus services incidental to creation of new competing bus line may readily be justified by significant furtherance of paramount public interest and will not constitute any unconstitutional deprivation of property."

In Franklin National Bank v. Superintendent of Banks, 243 N. Y. S. 2d 507, 40 Misc. 2d 565, it is stated: "Existing licensees have no standing to maintain special proceeding to review granting of additional license to another, merely because of economic effect on them of additional competition which would result. * * *

"First bank had no legal standing to obtain judicial review of action of Banking Board of State Banking Department in approving application of second bank to open branch office in community where first bank operated two branch banking offices."

In Eastern Airlines, Inc. v. Civil Aeronautics Board, 185 F. 2d 426, it is said: "Even though no Act of Congress requires a hearing, the Administrative Procedure Act must be followed where a hearing is necessary to the protection of constitutional rights. * * * But that rule is not pertinent here. Eastern is complaining of damage by competition which it says was made possible by unauthorized administrative action. The Constitution does not guarantee protection against such damage."

In Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U. S. 118, 59 S. Ct. 366, 83 L. Ed. 543, it is held: "Where neither charters nor local franchises of public utilities granted monopoly or rendered com-

petition illegal, competition of Tennessee Valley Authority did not constitute an invasion of the utilities' charter or franchise rights, so as to give them a standing to challenge constitutionality of Tennessee Valley Authority Act. * * *

"A franchise to exist as a corporation and to function as a utility in the absence of a specific charter contract on the subject creates no right to be free of competition and affords corporation no legal cause of complaint by reason of state's subsequently authorizing another to enter and operate in same field. * * *

"Nonexclusive local franchises, while having elements of property, confer no 'contractual' or 'property right' to be free of competition either from individuals or other public utility corporations or the state or municipality granting the franchise."

In Public Service Commission v. Great Northern Utilities Co., 289 U. S. 130, 53 S. Ct. 546, 77 L. Ed. 1080, it is said: "The due process clause of the Fourteenth Amendment safeguards against the taking of private property, or the compelling of its use, for the service of the public without just compensation. * * * But it does not assure to public utilities the right under all circumstances to have a return upon the value of the property so used. The loss of, or the failure to obtain, patronage, due to competition, does not justify the imposition of charges that are exorbitant and unjust to the public. The clause of the Constitution here invoked does not protect public utilities against such business hazards."

In First National Bank v. First Federal Sav. & Loan Assn., 225 F. 2d 33, it was held that other financial institutions were without standing to challenge the granting of permission to savings and loan associations to establish branch offices.

In First National Bank of Smithfield v. Saxon, 352 F. 2d 267, dealing with the establishment of a branch bank, it was held: "Procedural due process is not of-

fended by the Comptroller's practice. The absence of a hearing provision in the Banking Act raises no Constitutional question, for the omission was within the power of Congress."

Fugazy Travel Bureau, Inc. v. Civil Aeronautics Board, 350 F. 2d 733, involved a rule-change affecting the time allowed travel bureaus to remit proceeds to airlines. The court stated: "Similarly, the economic competition made possible by the alleged unauthorized administrative action in this case does not entitle the petitioner to a hearing. * * * The petitioner has no license or exclusive franchise protected by law, and although it may be injured—or even ruined—by competition, this is lawful competition presenting a clear case of damnum absque injuria."

In Central Sav. & Loan Assn. of Chariton v. Federal Home Loan Bank Board, 293 F. Supp. 617, it was held: "Decisions with respect to applications for charters, branches, agencies and similar matters relating to federal savings and loan associations are committed to the exclusive discretion of the federal home loan bank board; the board is not required to hold an adjudicative hearing prior to exercising its authority in such matters."

In Bridgeport Fed. Sav. & Loan Assn. v. Federal Home Loan Bank Board, 307 F. 2d 580, it was held: "It was not necessary under the Administrative Procedure Act that Federal Home Loan Bank Board hold a hearing on application of a chartered federal savings and loan association's application to establish a branch office."

In Bank of Dearborn v. State Banking Commissioner, 365 Mich. 567, 114 N. W. 2d 210, on issue of establishment of a branch bank, the court stated: "Plaintiff says it was denied due process of law by secret, ex parte proceedings before the commissioner on defendant bank's application, had without notice to or opportunity to be heard in opposition by plaintiff. The statute re-

quires no notice. Plaintiff's constitutional rights of due process do not extend to a right to be free from competition. * * * The 14th amendment to the Constitution of the United States does not protect a business against the hazards of competition."

In Continental Bank ·v. National City Bank, 245 F. Supp. 684, it is held: "Where state bank was not shown to have an exclusive license to operate in particular area involved and where operation of national bank's branch in no manner excluded state bank from operating in that area, procedural due process did not require that state bank be given full adversary type hearing or trial on national bank's application to establish such branch."

In American Bank & Trust Co. v. Saxon, 248 F. Supp. 324, it is held: "Comptroller of currency of the United States of America was not required to grant formal adversary hearing to protestant of application by national bank for branch office."

In Citizens National Bank of Maplewood v. Saxon, 249 F. Supp. 557, it is held: "Comptroller of the Currency was not required to hold a formal hearing at which commercial banks could present objections relative to issuance of a national bank charter. * * *

"The holding of a hearing regarding issuance of charter to national bank is controlled by the discretion of the Comptroller."

In Sterling National Bank of Davie v. Camp, 431 F. 2d 514, it is stated: "Comptroller of Treasury, in determining whether to grant charter for new national bank, was not required to conduct formal adversary hearing and was entitled, without knowledge of charter opponents, to accept and consider information sent to his office by applicants."

As was eloquently stated in Cement National Bank v. Department of Banking, 425 Pa. 554, 230 A. 2d 209: "Banks often forget that they are merely creatures of a Legislature or of Congress, and have only such rights as are granted by statute or by Congressional Act, as

the case may be. The Legislature can grant such powers and impose such conditions and limitations as it desires on all banks and other bodies it creates, provided the same are not unlawful or unconstitutional; and in particular, the Legislature is not required to provide for hearings before its created bodies such as are constitutionally required in judicial proceedings. * * * the Legislature is not required to provide, * * * for hearings at the Department level. The denial of a Judicial or a public or adversary hearing before the Department of Banking or even before a Banking Board is not a violation of procedural due process or of any other Constitutional right." Similar holdings can be found in: Elizabeth Fed. Sav. & Loan Assn. v. Howell, 24 N. J. 488, 132 A. 2d 779; Peoples Bank of Van Leer v. Bryan, 55 Tenn. App. 166, 397 S. W. 2d 401; First National Bank v. First Federal Sav. & Loan Assn., 225 F. 2d 33; Bridgeport Fed. Sav. & Loan Assn. v. Federal Home Loan Bank Board, 307 F. 2d 580; First National Bank of Smithfield v. Saxon, 352 F. 2d 267; Guaranty Savings & Loan Assn. v. Federal Home Loan Bank Board, 330 F. Supp. 470; First Nat. Bank of Whippany v. Trust Co. of Morris County, 76 N. J. Super. 1, 183 A. 2d 706; First National Bank of Abbeville v. Sehrt (La. App.), 246 So. 2d 382. See, also, Davis, Administrative Law Treatise, c. 4, § 4.04, but see contra, Conestoga National Bank of Lancaster v. Patterson, 442 Pa. 289, 275 A. 2d 6.

This is basically because the statutes regulating financial institutions do not confer a vested right or interest of limited competition upon the institution but rather: "It intends in the interest of the public, to insure safe banking. It does not intend to create a monopoly nor to deter private individuals from engaging their activities in banking except insofar as a proper regulation of banks in the interest of the public has such effect. * * *

"It does not intend that one or more established banks

may keep out another because the banking facilities sufficiently take care of the banking business. Its purpose is not to deter competition or foster monopoly, but to guard the public and public interests against imprudent banking." State ex rel. Dybdal v. State Securities Commission, 145 Minn. 221, 176 N. W. 759. See, also, Moran v. State Banking Commissioner, 322 Mich. 230, 33 N. W. 2d 772; Peoples Savings Bank v. Stoddard, 359 Mich. 297, 102 N. W. 2d 777.

In Elizabeth Federal Sav. & Loan Assn. v. Howell, 24 N. J. 488, 132 A. 2d 779, the Commissioner of Banking and Insurance granted permission to the Colonial Savings and Loan Association to establish a branch office in Elizabeth through the purchase of the Excelsior Building and Loan Association in Elizabeth and move it to a substitute location. The appellant's competitors objected to any such approval and sought review. It was held: "As pointed out above, a competitor may in the public interest attack the administrative action here involved. As such, a competitor may urge the question whether the Commissioner's action exceeded his power or constituted an arbitrary exercise of it. The objecting institutions, however, urge they are entitled to notice of hearing and the status of a party to the proceeding with the broader review which that status would afford. There is no constitutional basis for this further claim; if it exists, it is only because of a statutory provision for it."

It would appear evident that the due process clause is not an issue and has not been violated in this instance.

It further appears that the Administrative Procedure Act is inapplicable. Section 84-913, R. S. Supp., 1969, requires notice and hearing *only* in contested cases. Section 84-901, R. R. S., 1943, defines a contested case as follows: "Contested case means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." The

controlling statutes, as conceded in the original opinion, do not require an agency hearing and as herein pointed out, none is constitutionally required.

The result arrived at in the opinion adopted would, however, appear to be correct. The Department of Banking had a rule requiring notice and hearing. The rule was binding upon the department and could not be ignored. See, Skeedee Independent Tel. Co. v. Farm Bureau, 166 Neb. 49, 87 N. W. 2d 715; 2 Am. Jur. 2d, Administrative Law, § 309, p. 138; 73 C. J. S., Public Administrative Bodies and Procedure, § 107, p. 428.

I disagree with the action of the majority of the court in overruling the motion for rehearing.

BOSLAUGH and SPENCER, JJ., concur in order overruling motion for rehearing.

The findings required by section 8-331, R. R. S. 1943, before a certificate of approval may be issued are adjudicative facts which can only be determined by an exercise of quasi-judicial power. Interested parties must be afforded notice and an opportunity to be heard before such a power may be exercised. School Dist. No. 8 v. State Board of Education, 176 Neb. 722, 127 N. W. 2d 458; Allen v. Omaha Transit Co., Inc., 187 Neb. 156, 187 N. W. 2d 760.

We also agree with Judge Newton that the rule of the Department of Banking, requiring notice and hearing, was binding on the department.

The motion for rehearing should, therefore, be overruled.

WHITE, C. J., took no part in the consideration or decision in this case.