**BENTON SAVINGS & LOAN ASSO-CIATION, Plaintiff,**

v.

**FEDERAL HOME LOAN BANK BOARD et al., Defendants.**

**No. LR–73–C–78.**

United States District Court,
E. D. Arkansas, W. D.

Oct. 9, 1973.

Fred E. Briner, Benton, Ark., Leon B. Catlett, Little Rock, Ark., for plaintiff.

Daniel J. Goldberg, Asst. Gen. Counsel, Federal Home Loan Bank Board, Washington, D. C., for defendants.

MEMORANDUM AND ORDER

EISELE, District Judge.

In this suit plaintiff, the only savings and loan institution in Saline County, Arkansas, challenges the decision of the Federal Home Loan Bank Board to permit the opening of a branch savings

and loan office in Saline County by a savings and loan institution operating in Pulaski County. Jurisdiction is based on the Administrative Procedures Act, 5 U.S.C. §§ 701–706 (1970), and the Home Owners' Loan Act of 1933, as amended, 12 U.S.C. §§ 1461–1468 (1970). Plaintiff presents two distinct arguments in support of its prayer that the decision of the Board be declared illegal and that the Board be restrained from authorizing the operation of the proposed branch. Plaintiff contends that the Board acted in an arbitrary and capricious manner in granting the application and that the Board's failure to reduce its decision to findings and conclusions in an opinion justifying its action concerning the application renders the action unlawful and void.

The matter is now ripe for judicial determination since each party has moved for summary judgment. There are no issues of fact disputed between the parties that are material to the decision. Both parties have briefed thoroughly their legal contentions. After reviewing the briefs and the authority cited therein, the Court is persuaded that summary judgment should be granted to defendants.

 The complaint in this case was filed before decision by the Supreme Court in Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). In a per curiam order the Supreme Court vacated a circuit court decision concerning the decision of the Comptroller of the Currency regarding the certification of a national bank. Although the issue of adequacy of findings and conclusions was not before the Court, concerning the question the Court indicated that no matter how curt the administrative explanation the agency decision must be tested against the administrative record. Federal decisions since Camp v. Pitts

have construed the case to relieve the Comptroller and, by analogy, the Home Loan Bank Board of any obligation to state with specificity the reasons for their decision. *See, e. g.,* Mid-America National Bank of Chicago v. Watson, No. 72 C 2636 (N.D.Ill. Sept. 12, 1973); Wood County Bank v. Camp, No. 1277–72 (D.D.C. May 25, 1973). *See also* Guaranty Savings and Loan Association v. Federal Home Loan Bank Board, 330 F.Supp. 470 (D.D.C.1971); West Federal Savings and Loan Association v. Federal Home Loan Bank Board, No. 413–72 (D.D.C. Mar. 30, 1972). On the authority of the foregoing the Court must sustain the mechanism chosen by defendants to communicate their decision in this case.[1]

 The second issue for resolution is the adequacy of the administrative record on which the Board's decision was based. Plaintiff seems to have abandoned this alleged basis for relief since it has not taken issue with defendants' characterizations and arguments based on the administrative record. Nevertheless, the Court has considered the relevant portions of the record and is convinced that the decision was soundly bottomed on facts contained in the administrative record. That record reveals Saline County to be an area of rapid growth with presently inadequate banking resources. The record amply supports the conclusions that there is a need for the facility in the area, that there is a reasonable probability of success for the new facility, and that the branch can be established without undue injury to plaintiff. *See* 12 C.F.R. § 545.14(c) (1973).

It is ordered that defendants' motion for summary judgment be, and it is hereby, granted and that plaintiff's motion for summary judgment be, and it is hereby, denied.

---

1. The Board adopted a resolution which simply stated the conclusions that there was a need for the branch, that there was a reasonable probability of its success, and that the branch can be established without undue injury to existing, similar facilities. The resolution contained no other findings.