**BANKAMERICA CORPORATION,**
Petitioner,

v.

**BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM,**
Respondent.

No. 72-2325.

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1974.

Robert H. Fabian, H. Helmut Loring, Neal L. Petersen (Argued), Thomas C. Holman, San Francisco, Cal. (Bank of America Center), for appellant.

Thomas J. O'Connell, Gen. Counsel, Michael A. Greenspan, Asst. Secretary, Board of Governors of Federal Reserve System, Washington, D. C., Jim Browning, U. S. Atty., San Francisco, Cal., Morton Hollander, U. S. Atty. Gen., Chief of Appellate Section, William D. Appler, Ronald Glancz (Argued), U. S. Dept. of Justice, Washington, D. C., for respondent.

Before ELY, KILKENNY and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

This petition for review challenges an order denying an application by a bank holding company to operate a computer-equipment leasing business.

BankAmerica seeks, pursuant to 12 U.S.C. § 1848, to reverse the Board of Governors of the Federal Reserve System, which denied BankAmerica's application to engage, through a newly organized subsidiary, in the leasing of computer equipment and the providing of lease-financing programs for data-processing manufacturers. BankAmerica contends that the Board improperly denied it a hearing, failed to render its decision in the proper form, and employed a "business risks" test not authorized by the relevant statute. We reject these arguments and affirm the Board's order.

BankAmerica, as a company subject to regulation by the Board under the Bank Holding Company Act, 12 U.S.C. § 1841 et seq., is precluded from acquiring control of nonbanking companies, unless, among other exceptions not relevant here, the Board determines that the acquired company's activities are "so closely related to banking or managing or controlling banks as to be a proper incident thereto." 12 U.S.C. § 1843(a), (c) (8).

In 1970 Congress amended this subsection to eliminate the requirement of a hearing and the requirement that the Board act on the basis of the record made at such hearing. Instead, the amendment permitted the Board to consider applications to engage in nonbanking activities "after due notice and opportunity for hearing * * * (by order or regulation) * * *." 12 U.S.C. § 1843(c)(8). Pursuant to this new authority, the Board conducted extensive public hearings in 1971, with the announced objective of issuing regulations defining which activities were "so closely related" as to be permissible under the Act.

BankAmerica participated in the hearings, urging in its written submissions and in oral argument before the Board, that bank holding companies be permitted to engage in "non-full payout" leasing activities. (A non-full payout lease is one in which the lessor bank does not receive its investment back under the original lease or reasonably anticipated extensions of the lease with the same lessee.) The Board rejected BankAmerica's position, and on June 15, 1971, issued a regulation permitting bank holding companies to engage in leasing personal property and equipment only on a full payout basis. See 12 C.F.R. § 225.4 (a)(6). BankAmerica did not contest the regularity of the promulgation of this new regulation.

Instead, eight months later, BankAmerica submitted an application for authority to engage in the leasing of computer equipment. Most of the arguments which BankAmerica advanced had been made earlier in the rule-making hearings and had been rejected. The Board denied the application, explaining that, as reflected in its new regulation, 12 C.F.R. § 225.4(a)(6), and interpretations of that regulation, 12 C.F.R. § 225.123(d), "it has been and is of the view that leasing transactions that are not the functional equivalent of extensions of credit [i. e., non-full payout leases] are not closely related to banking."

■ BankAmerica now contends that the Board improperly denied it a hearing. We reject this argument. Putting aside the problem that BankAmerica failed to ask for a hearing until after the Board's order, we note that the very purpose of the 1970 amendment was to delete the specific hearing requirement and to enable the Board to establish general regulations just as it has done here. See H.R.Rep.No.91–387, 91st Cong., 1st Sess. 16 (1969); S.Rep.No.91–1084, 91st Cong., 2d Sess. 15, 1970 U.S.Code Cong. & Admin.News pp. 5519, 5534; Conf.Rep.No.91–1747, 91st Cong., 2d Sess. 15, 1970 U.S.Code Cong. & Admin. News pp. 5561, 5566; 116 Cong.Rec. 42422, 42428, 42436 (1970) (remarks of Senators Bennett, Sparkman, and Goodell). Holding that BankAmerica has an automatic right to a hearing at which it can rehearse arguments previously made and rejected at the rule-making hearing would virtually nullify the 1970 amendment.

■ The Board's own regulation requires it to publish "a notice of opportunity for hearing only if it believes that there is a reasonable basis for the holding company's opinion" that the proposed activity is closely related to banking. 12 C.F.R. § 225.4(a). In view of its recent regulations on full payout leasing, 12 C.F.R. §§ 225.4(a)(6), 225.-123(d), we agree with the Board that it did not abuse its discretion in deciding that a hearing was unnecessary here.

■ BankAmerica had no right under the due-process clause of the Fifth Amendment to a separate hearing before

the Board. The Board issued its regulations on full payout leasing only after conducting extensive public hearings. At these hearings BankAmerica had sought a rule that would allow non-full payout leasing of computers and related equipment. Rejecting this request, the Board issued regulations permitting bank holding companies to engage only in full payout leasing. *See* 12 C.F.R. §§ 225.4(a)(6), 225.123(d). There is no constitutional requirement that BankAmerica be granted a second, separate hearing at which it can once again challenge the Board's decision to limit leasing activities to full payout leases. *See* Fed. Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112 (1964); *cf.* Commercial Nat'l Bank of Little Rock v. Bd. of Governors of Fed. Reserve Sys., 451 F.2d 86 (8th Cir. 1971); *see generally* K. Davis, Administrative Law Treatise § 7.01, at 301–19 (1970 Supp.).

 BankAmerica also contends that the Board's order of June 29, 1972, denying its request to engage in the business of leasing computer equipment, was formally defective in that it failed to include sufficient findings of fact. We disagree. The Board's order unequivocally states that it rejected BankAmerica's proposal because the leasing arrangement did not constitute the functional equivalent of an extension of credit. The basis for denial was sufficiently clear to permit judicial review. *See* Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam).

BankAmerica's final contention, that the Board improperly imposed a business-risks test not authorized by the relevant statute, we find to be equally without merit. Having found that the proposed leasing activities were not "closely related to banking," the Board— as it recognized in its order denying BankAmerica's request—did not even have to consider whether these activities were a "proper incident" to banking. *See* Conf.Rep.No.91–1747, *supra* at 22, 1970 U.S.Code Cong. and Admin.News, *supra* at pp. 5572–5573. Thus, its state-

ment that leasing arrangements which do not permit a bank holding company to recover its full investment in the property to be leased subject the holding company to greater risks than would otherwise be the case was *obiter dictum*. Even if this finding were essential however, nothing in the Bank Holding Company Act prevents the Board from considering the risk of a particular activity to the holding company. Title 12 U.S.C. § 1843(c) (8) specifically requires the Board, when determining whether a proposed activity is a proper incident to banking, to consider such adverse effects as "unsound banking practices." Surely, that phrase contemplates something like a business-risks test. *Cf.* H.R.Rep.No.91–387, *supra* at 14, U.S.Code Cong. & Admin.News 1970, p. 5519.

The order of the Board is affirmed.