REQUESTED BY: Senator John W. DeCamp Senator James E. Pappas State Capitol Lincoln, NE 68509
Dear Senators:
You have requested our opinion as to whether LB 453 is in violation of the Nebraska Constitution and the Constitution of the United States of America. Specifically, you have questioned whether LB 453 violates the supremacy clause of the United States Constitution or is special legislation in contravention of Article III, Section 18, of the Nebraska Constitution. For purposes of this analysis, we are relying on the form of LB 453 which was first read on January 21, 1985.
The first step in the analysis is to determine whether or not LB 453 violates the Commerce Clause of the United States Constitution. Article I, Section 8, paragraph 3 of the United States Constitution grants to Congress the power "to regulate commerce . . . among the several states." However, in the absence of conflicting federal legislation, the states retain authority to regulate matters of legitimate local concerns even though interstate commerce may, in some manner, be affected. Lewis v. B.T. Investment Managers, Inc., 447 U.S. 27 (1980). Generally, state regulation which does not overtly discriminate against interstate commerce for the benefit of local business may survive constitutional scrutiny if narrowly drawn.
 Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. . . If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.
Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970).
It is our opinion that LB 453 would survive constitutional scrutiny under the Commerce Clause. First, LB 453 does not discriminate between in-state and out-of-state bank holding companies. Both are prohibited from acquiring a non-bank bank. (The term non-bank bank refers to banks which do not both accept demand deposits and make commercial loans.) Secondly, the State of Nebraska has a legitimate interest in control of financial institutions within its borders. "Both as a matter of history and as a matter of present commercial reality, banking and related financial activities are of profound local concern." Lewis v. B.T. Investment, supra at 38. Even though interstate attributes of banking are subject to extensive federal control, local authorities are still afforded a significant latitude in regulating financial institutions. Finally, the burden on interstate commerce proposed by LB 453 is narrowly drawn. LB 453 would only prevent acquisitions of a non-bank bank by a bank holding company. The proposed legislation would not prevent the acquisition of a non-bank bank by other out-of-state investors or investment groups. As LB 453 meets the test of Pike v. Bruce Church, it would not be a violation of the Commerce Clause.
Article VI, paragraph 2 of the United States Constitution provides that "the laws of the United States . . . shall be the supreme law of the land." If federal preemption has occurred, it would exist pursuant to Section 4(c)(8) of the Bank Holding Company Act. Section 4 generally prohibits bank holding companies from acquiring an interest in non-banking enterprises. However, Section 4(c)(8) allows a company, with the approval of the Federal Reserve Board, to acquire shares of any company whose activities are "so closely related to banking or managing or controlling banks as to be a proper incident thereto." The Federal Reserve Board has found that a non-bank bank is an authorized non-banking subsidiary under Section 4 and has found itself constrained by Section 4 and Regulation Y to approve the acquisition of a non-bank bank by an out-of-state bank holding company. Chase Manhattan Corporation, ___ Federal Reserve Bulletin ___ (February, 1985).
Section 7 of the Bank Holding Company Act provides:
 The enactment by the Congress of the Bank Holding Company Act of 1956 shall not be construed as preventing any state from exercising such powers and jurisdiction which it now has or may hereafter have with respect to banks, bank holding companies, and subsidiaries thereof.
The question then becomes, if Section 4 allows a bank holding company to acquire a non-banking subsidiary, with the approval of the Federal Reserve Board, may the states prevent the acquisition of a non-bank subsidiary under Section 7? It is our opinion that the state may prevent acquisitions of non-bank subsidiaries by a bank holding company.
It has been held that Section 7 "applies only to state legislation that operates within the boundaries marked by the Commerce Clause." Lewis v. B.T. Investments, supra at 49. Also, it is clear that Section 7 authorizes the states to prohibit entirely bank holding companies, or multi-bank holding companies. Commercial National Bank of Little Rock v. Board of Governors of the Federal Reserve, 451 F.2d 86
(1971). The United States Court of Appeals for the Fifth Circuit found that the Federal Reserve Board could not allow a bank holding company to acquire a subsidiary which would offer insurance services when state law did not allow a bank holding company subsidiary to engage in insurance activities. Florida Association of Insurance Agents v. Board of Governors of the Federal Reserve, 551 F.2d 334 (1979). The Board of Governors of the Federal Reserve System has also indicated that it would not be able to authorize the acquisition of a non-bank subsidiary by a bank holding company when such an acquisition would be prohibited by state law. Chase Manhattan Corporation, supra. We would caution that this is murky territory through which no clear path can be found. However, it is our opinion that legal authority, as it now exists, indicates that it would not be a violation of the supremacy clause for the State of Nebraska to prohibit the acquisition of a non-bank bank by a bank holding company.
The final hurdle for LB 453 to overcome is that of the question of special legislation. Article III, Section 18, states in part:
 The Legislature shall not pass local or special laws in any of the following cases, that is to say: Granting to any corporation, association, or individual any special or exclusive privileges, immunity or franchise whatsoever; In all other cases where a general law can be made applicable, no special law shall be enacted.
The Nebraska Supreme Court, in construing Article II, Section 18, has set forth the following standard:
 The Legislature may make a reasonable classification of persons, corporations, and property for purposes of legislation concerning them, but the classification must rest upon real differences of situation and circumstances surrounding the members of the class, relative to the subject of legislation, which render appropriate its enactment.
The Court has also said:
 The rule established by the authorities is that, while it is competent for the Legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the object classified.
United Community Services v. Omaha National Bank, 162 Neb. 786,77 N.W.2d 576 (1956).
LB 453 prevents a bank holding company from controlling a bank, unless the bank both accepts deposits that the depositor has a legal right to withdraw on demand and engages in the business of making commercial loans. This is an attempt to close the definitional loophole in the Bank Holding Company Act which would allow an out-of-state bank holding company to acquire what is called a non-bank bank. However, specifically excluded from the prohibition are industrial loan and investment companies, licensed under Chapter 8, Article 4 of the Nebraska Revised Statutes. The problem is that an industrial loan and investment company operates substantially in the same manner as a non-bank bank. While some attributes may be different, there does not appear to be any rational, legitimate basis to allow a bank holding company to acquire an industrial loan and investment company, but not a non-bank bank.
We would also point out that § 8-1509 prohibits a bank holding company from acquiring, holding, or operating a state chartered institution acquired under §§ 8-1506 to8-1510 as a non-bank subsidiary under Section 4 of the Federal Bank Holding Company Act of 1956. This section would prohibit a bank holding company from acquiring an industrial loan and investment company. But for the different treatment of an industrial loan and investment company in LB 453, the proposed legislation could arguably be considered a tightening of state regulations against bank holding companies acquiring non-bank subsidiaries. However, with the exclusion of industrial loan and investment companies from its prohibitions, LB 453 may very well be in violation of ArticleIII, Section 18 of the Nebraska Constitution as special legislation.
We understand that the Banking Committee has adopted amendments to LB 453. However, as they have not officially been attached to the bill by the full Legislature, we shall not comment on those provisions at this time.
Sincerely,
ROBERT M. SPIRE Attorney General
Timothy E. Divis Assistant Attorney General