The Honorable Bill J. Ford Bank Commissioner Arkansas State Bank Department 323 Center Street, Suite 500 Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on whether a particular purchase of a branch bank is in compliance with state branch banking laws, specifically A.C.A. § 23-32-1202(c) (Supp. 1989). You outline the following situation:
 Worthen National Bank of Arkansas (Bank A) is a national bank with its principal office location in Pulaski County. Bank A owns and operates a branch (Br) location in Sharp County which was lawfully acquired and operated by Bank A by emergency acquisition in accordance with 12 U.S.C. Sec. 1823
(K)(1)(A).[1]
 Worthen National Bank of Batesville (Bank Z) is a separately chartered national bank with its principal office in Independence County.
Your question with regard to these facts is as follows:
 Does Sec. 23-32-1202 (c), Arkansas Code of 1987, Annotated, (1989 Supp.) authorize Bank Z to purchase Br in Sharp County from Bank A and operate Br as a branch of Bank Z across county lines?
For the reasons that follow, it is my opinion that the answer to your question is "no."
The branching of national banks is governed by 12 U.S.C. § 36. Subsection (c) of that section provides as follows:
 A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches: (1) within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to State banks by the law of the state in question; and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State banks by the statute law of the state in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks. [Emphasis added.]
Thus, national banks may create and obtain[2] branches only to the extent state law would permit state banks to do so.
The purpose of the section was to place state and national banks on a basis of competitive equality insofar as branch banking is concerned. First Nat. Bank in Plant City, Fla. v. Dickinson,396 U.S. 122 (1969), reh. denied, 396 U.S. 1047 (1970).
The Comptroller of the Currency, when faced with a decision as to approving a branch application by a national bank, must be guided and controlled by the relevant state law on branch banking.First Nat. Bank of Fairbanks v. Camp, 465 F.2d 586 (D.C. Cir. 1972), cert. denied, 409 U.S. 1124 (1973).
The relevant state law on the question, as you have noted, is A.C.A. § 23-32-1202 (Supp. 1989). That section provides for contiguous county branch banking after 1993, and state wide branch banking after 1998. Under current state law, generally, banks may only operate branch banks in the county where their principal banking office is located. See A.C.A. § 23-32-1202 (b)(1). Subsection (c) of that same section, which forms the basis of your question, provides as follows:
 Without regard to the exceptions for location of a branch bank and customer-bank communication terminals as provided in this section, a bank may purchase the business and assets and assume the liabilities of, or merge or consolidate with, another bank located in any incorporated city or town within this state and operate the acquired bank as a full service branch and customer-bank communication terminals, provided that full service branches and customer-bank communications terminals shall not be established pursuant to purchase, merger, or consolidation with another bank should either bank have a de novo charter.
It is in my opinion clear that the section above was intended to grant an exception to the branching restrictions where one bank purchases, merges, or consolidates with another bank, not with just a branch of another bank. The section uses the term "bank" in several places and never authorizes an exception for the purchase of branches. The term "bank" is not defined in the subchapter, but in my opinion cannot be construed to mean branch bank independent of a main bank. The distinction between "banks" and "branch banks" has been explained as follows: A "branch bank" is not a separate corporation or legal entity, but is an office or agency operated by the legal entity which operates the main bank; it has no separate board of directors or capital structure and its deposits are pooled with those of the main bank and its loan limits are based upon the main bank's capital structure.Application of Summit Elizabeth Trust Co., 268 A.2d 21,111 N.J. Super. 154 (1970). In my opinion, the statute in question only grants an exception for the acquisition of "banks," and not "branch banks." This conclusion is especially warranted where federal law requires that the state law on the question grant branching authority "affirmatively, and not merely by implication." See 12 U.S.C. § 36 (c). Additionally, an opposite construction would appear to thwart the obvious purpose of the Arkansas legislature to phase in branch banking in Arkansas pursuant to a defined period of time. See First State Bank,Beebe v. Arkansas State Banking Board, 305 Ark. 220, S.W.2d (1991).
A similar situation was faced in State ex rel. Edwards v.Heimann, 633 F.2d 886 (9th Cir. 1980), with one all important difference. A national bank in that case sought to establish a branch bank in the same city as its principal office, but this was prohibited under state law unless the bank was acquiring an existing bank or branch. State law in that case expressly and affirmatively provided for the acquisition of "branches" and not just "banks," and the court so held in spite of arguments to the contrary by the State Bank Supervisor and other community banks. In Arkansas, the relevant statute plainly excepts only acquisitions of entire banks, and not just branches.
Thus, if Bank Z is a separate bank, (which it appears to be under your statement of facts; see also, Commercial National Bank ofLittle Rock v. Board of Governors, 451 F.2d 86, 90 (8th Cir. 1971)), and it seeks to acquire only a branch of Bank A, it is my opinion that A.C.A. § 23-32-1202 (c) does not authorize the transfer and contemplated use, and as such, the action would be violative of state law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This opinion does not address the provisions of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). 12 U.S.C. § 1811 et seq. It is assumed that its provisions are inapplicable, as the acquisition in question is not an emergency one. In any event, it does not form the basis of your question.
[2] Although the language of the federal statute may be somewhat unclear in this regard, it has been held that it contemplates the establishment of branches by acquisition as well as construction. See State ex rel. Edwards v. Heimann,633 F.2d 886 (9th Cir. 1980).